

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable T. M. Trimble
First Assistant
Superintendent of Public Instruction
Austin, Texas

Dear Sir:

> Opinion No. O-3904
> Re: Would the fact that the Board
> of Equalization of the Amarillo
> Independent School District is
> composed of five members in-
> validate the action of said
> Board and render void the sub-
> sequent tax roll? and related
> questions.

We have your letter of August 28, 1941, wherein you transmit a letter from Mr. George M. Waddill, Secretary Amarillo Independent School District and Amarillo Junior College District, in which are set out the following facts:

"On February 12, our School Board appointed D. W. Owen, L. E. Lyles and Henry Beverly as the Board of Equalization for the taxable year 1941, which incidentally was exactly the same Board we used last year. This Board was also approved about the same time as an Equalization Board for the city. The School Board, the City of Amarillo and the County Commissioners had previously entered into a contract with the George H. Ehrenborg Company for a tax survey to be made during the winter and on account of so many major adjustments in valuations, it was evident there would be considerable agitation over property valuations which of necessity had to be raised in order to equalize with other values, so that the members of the Equalization Board unanimously expressed a desire to have the Equalization Board increased to five members, which request was acceded to by both the City Commission and the Board of Trustees.

"On May 21, the Board of Trustees passed an order approving the policy of adding two members to the Board of Equalization, and without rescinding their previous action in which the three member Board was appointed. Following is a copy of the order:

"'The following order was introduced: It is the sense of the Board that on account of the extra ordinary task confronting the Board of Equalization this year, that this Board should be increased to five instead of three.

"Motion was made by Mr. Rush, seconded by Mr. Cox that the order be adopted and approved. Motion carried.

"Motion was made by Mr. Rush, seconded by Mr. Monning that the following men be named as the Board of Equalization for the Board of Trustees of the Amarillo Independent School District and the Amarillo Junior College District for 1941, and that they serve in this capacity and receive no compensation from the Board of Trustees of said District.

"L. E. Lyles       D. W. Owen
Henry Beverly    U. N. Oliver
W. I. Clifford

"Motion carried.'

"This action was taken before any work had been done by the Board of Equalization. The Board of five members then began immediately to check the valuations placed by the Ehrenborg Company and served several weeks on this job before notices were mailed out showing property had been raised and giving the taxpayer notice to appear before the Equalization Board.

"During the hearing, which is still in progress, one taxpayer whose property had been raised, appeared before the Board with the threat that he

would contest the legality of the organization
of the Equalization Board in that the Board should
be made up of three members instead of five."

Based on these facts you have asked us the following question:

QUESTION: Would the fact that the Board of
Equalization of the Amarillo Independent School
District is composed of five members invalidate
the action of said Board and render void the subsequent tax roll?

Senate Bill No. 10, Chapter 8 of the Acts of the
Thirty-first Legislature, 1909, which provided for the creation
of the Amarillo Independent School District provides in part
as follows:

"The said Board of Trustees shall be vested
with the full management and control of the free
schools of said district, and shall be vested with
all the powers, rights and duties that are provided by general law for boards of trustees of
towns and villages incorporated for free school
purposes only, including the powers and manner of
taxation."

Article 2791 of the Revised Civil Statutes of
Texas reads in part as follows:

". . . It shall be within the discretion
of the Board of Trustees of any independent school
district to name an assessor of taxes who shall
assess the taxable property within the limits of
the independent school district within the time
and in the manner provided by existing laws, in
so far as they are applicable, and when said assessment has been equalized by a board of equalization appointed by the board of trustees for
that purpose, shall prepare the tax rolls of said
district and shall duly sign and certify same to
the county tax collector as provided for in the
succeeding article. . ."(Underscoring ours)

Article 2791 being a general law governing the
boards of trustees of towns and villages incorporated for

Honorable T. M. Trimble, Page 4

free school purposes only it was held by this department in Opinion No. O-2687 that Article 2791, Revised Civil Statutes of Texas, applies to the Amarillo Independent School District.

It is our understanding that the Amarillo Independent School District, acting under the authority granted under this Article, has appointed its own assessor and collector. This being true it is incumbent upon it to appoint its own Board of Equalization. Chambers v. Cook (Civ. App.) 132 S. Wl 865; Miller v. Vance (Sup. Ct.) 180 S. W. 739. This being the case it is the opinion of this department that Article 2791 being silent as to the number to be appointed on the Board of Equalization directed to be appointed under its provisions, the Board of Trustees is at liberty to appoint any number that it deems reasonably necessary to carry out the functions of said Board. Article 1048, Revised Civil Statutes of Texas, which reads in part as follows:

"The city councils of cities and towns incorporated under the general laws shall annually, at their first meeting, or as soon thereafter as practicable, appoint three commissioners, each a qualified voter, a resident and property owner of the city or town for which he is appointed who shall be styled the board of equalization. . .",

in our opinion does not apply to the Amarillo Independent School District under the factual situation set forth above.

Referring to the suggestion contained in your letter that the original board of three members certify to the tax roll by authority of their having been appointed a Board of Equalization on February 12, 1941, which action was never rescinded, and to remove all question of the validity of the tax roll to have the five member board attach a certificate stating that it is made by authority of their appointment by the Board of Trustees by action of May 21, 1941, you are advised that it is the opinion of this department that the mere irregularity of appointing a three member board and subsequently thereto appointing a five member board by adding two names to the ones already appointed without rescinding the former action would not invalidate the tax roll of the Amarillo Independent School District. The certificate of the five member board, in the opinion of this department, would be sufficient. Mere irregularities are insufficient as a basis

Honorable T. M. Trimble, Page 5

for completely invalidating the acts of the Board of Equalization. Welder v. Sinton Independent School District, 218 S. W. 106; Elewett v. Richardson Independent School District, 230 S. W. 255 (Civ. App.), 240 S. W. 529 (Com. App.).

We express no opinion herein with regard to the gentlemen in question sitting as a Board of Equalization for the City of Amarillo, but our opinion is confined to the capacity of the gentlemen in question sitting as a Board of Equalization for the Amarillo Independent School District.

We trust that the foregoing opinion fully covers the matter inquired about in your letter.

Very truly yours

ATTORNEY GENERAL OF TEXAS

APPROVED SEP 9, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

DEB:LM

By Douglas E. Bergman
Assistant


APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN